IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LOGAN MICHAEL MELTON, SR.,

Plaintiff,

v.

JENNIFER BIAS and BRIDGET KRAUSE,

Defendants.

OPINION and ORDER

26-cv-467-jdp

---

Plaintiff Logan Michael Melton, Sr., proceeding without counsel, alleges that defendants, both state public defenders, unlawfully released his personal information while fulfilling an open records request. Melton is incarcerated at Waupun Correctional Institution. Melton proceeds without prepaying the filing fee, so I must screen the complaint under 28 U.S.C. § 1915(e)(2)(B) and dismiss any part of it that is frivolous or malicious, fails to state a plausible claim for relief, or seeks money damages from an immune defendant. I must accept Melton's allegations as true and construe them generously, holding the complaint to a less stringent standard than one a lawyer drafts. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). I will dismiss the complaint without leave to amend for failure to state a plausible claim for relief, and I will impose a strike under 28 U.S.C. § 1915(g).

ALLEGATIONS OF FACT

The allegations of fact are drawn from the complaint, as supplemented by an announcement about the same incident available on the website of the Wisconsin State Public Defenders.

Melton alleges that defendants released his personal information, including his social security number, while fulfilling an open records request. The website announcement states that the Wisconsin State Public Defenders "inadvertently released confidential information to an individual while fulfilling an open records request."[1] That information, according to the announcement, included numerous client names, addresses, dates of birth, and social security numbers. *See id.*

ANALYSIS

Melton indicates on the complaint form that he's suing for a violation of federal law, but he does not expressly identify any federal cause of action. I take Melton to bring a Fourteenth Amendment due process claim based on the disclosure of his personal information. *See Smith v. Bias*, 26-cv-92-jdp, Dkt. 6 at 2 (interpreting a similar complaint to assert a due process claim and dismissing case for stating only a state-law claim).

I will assume for screening purposes that Melton has a basic due process right to the privacy of his personal information. But that information's disclosure would have to be "intentional, or at least reckless, to come within the reach of the Due Process Clause." *Cf. Allen v. Cooper*, 589 U.S. 248, 261 (2020). "[S]imple error, negligence, or even gross negligence is not enough" to violate due process. *See Wells v. Caudill*, 967 F.3d 598, 601 (7th Cir. 2020).

Melton hasn't alleged any facts to suggest that defendants intentionally or recklessly disclosed his personal information. It's implausible that defendants, state public defenders, would have acted with that level of culpability when responding to an open records request.

---

[1] *See* https://www.wispd.gov/wp-content/uploads/2025/10/FAQ-Data-Incident.docx-1.pdf.

Melton's allegations suggest at most negligence, which does not violate the Constitution. I will not allow Melton to proceed on his due process claim.

CONCLUSION

When a plaintiff proceeds without counsel, the court of appeals has cautioned against dismissing his case without giving him a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But if it is clear that any amendment would be futile, I need not grant leave to amend. *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Amendment would be futile here because Melton's allegations definitively show that he seeks relief under federal law based on conduct that, at most, amounts to negligence. *See Smith*, 26-cv-92-jdp, Dkt. 6 at 2. This case, like *Smith*, belongs in state court.

ORDER

IT IS ORDERED that:

1. Plaintiff Logan Michael Melton, Sr.'s complaint, Dkt. 1, is DISMISSED without leave to amend for failure to state a plausible claim for relief.

2. A strike is to be recorded against Melton pursuant to 28 U.S.C. § 1915(g).

3. The clerk of court is directed to enter judgment and close the case.

Entered June 4, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge